UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

In the Matter of the Search re:   No. 4:20-mj-26

20-031-04   **"REDACTED" SEARCH AND SEIZURE WARRANT**

TO:   ANY AUTHORIZED LAW ENFORCEMENT OFFICER

An application by a federal law enforcement officer or an attorney for the government requests the search of the following property more fully described in Attachment A, attached hereto and incorporated herein by reference.



I find that the affidavit, or any recorded testimony, establish probable cause to search and seize the property described above, and that such search will reveal evidence of violations of Title 21, United States Code, Section 841(a)(1) (distribution and possession with intent to distribute a controlled substance) and/or Section 843(b) (unlawful use of a communications facility to facilitate the distribution of a controlled substance); and Title 21, United States Code, Section 846, (conspiracy to distribute controlled substances).

**YOU ARE COMMANDED** to execute this warrant on or before 3-26-2020 _____ (not to exceed 14 days)
☒ in the daytime – 6:00 a.m. to 10:00 p.m.
☐ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to the undersigned Judge.

☐  Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized,
☐  for _____ days *(not to exceed 30)*.
☐  until, the facts justifying, the later specific date of _____.

3-12-2020 at 9pm CDT   at Sioux Falls, South Dakota
Date and Time Issued

VERONICA L. DUFFY
United States Magistrate Judge

[2]

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

In the Matter of the Search re:   No. 4:20-mj-26

20-031-04   **"REDACTED" APPLICATION FOR SEARCH AND SEIZURE WARRANT**

I, Sarah Wicker, being duly sworn depose and say:

I am a United States Postal Inspector with the United States Postal Inspection Service, and have reason to believe that within the following United States Postal Service (USPS) Priority Mail Parcel bearing USPS Tracking Number ███████, which is addressed to ███████ there is now concealed certain property, namely: controlled substances and/or currency, which I believe is property constituting evidence of the commission of criminal offenses, contraband, the fruits of crime, or things otherwise criminally possessed, or property designed or intended for use or which is or has been used as the means of committing criminal offenses, concerning violations of Title 21, United States Code, Section 841(a)(1) (distribution and possession with intent to distribute a controlled substance) and/or Section 843(b) (unlawful use of a communications facility to facilitate the distribution of a controlled substance); and Title 21, United States Code, Section 846, (conspiracy to distribute controlled substances).

The facts to support a finding of Probable Cause are contained in my Affidavit filed herewith.

Sarah Wicker, U.S. Postal Inspector
United States Postal Inspection Service

Sworn to before me, and subscribed in my presence on the 12th day of March, 2020, at Sioux Falls, South Dakota.

VERONICA L. DUFFY
United States Magistrate Judge

# "REDACTED" ATTACHMENT A

## DESCRIPTION OF LOCATION TO BE SEARCHED

SUBJECT PARCEL: ███████████████████████████
████████████████████████████████████████
████████████████████████████████████████

## "REDACTED" ATTACHMENT B

### DESCRIPTION OF ITEMS TO BE SEIZED AND SEARCHED

Evidence of a violation of Title 21, U.S.C. § 841(a)(1), Title 21, U.S.C. § 843(b), Title 21, U.S.C. § 846, fruits of the crime, and/or proceeds of drug trafficking, to include:

1. Marijuana, cocaine, heroin, methamphetamine, any derivatives of those narcotics, any other controlled substances or related paraphernalia.

2. United States currency and other financial instruments.

3. Items of personal property inside the express mail package which tend to identify the person(s) in possession, control or ownership of the parcel that is the subject of this warrant.

4. Any packaging materials.

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

In the Matter of the Search Regarding   No. 4:20-mj-26

20-031-04

**"REDACTED" AFFIDAVIT IN SUPPORT OF SEARCH AND SEIZURE WARRANT**

STATE OF SOUTH DAKOTA )
                      :SS
COUNTY OF MINNEHAHA   )

I, Sarah Wicker, United States Postal Inspector for the United States Postal Inspection Service, being duly sworn, state the following is true and correct to the best of my knowledge and belief.

1. I am a United States Postal Inspector with the United States Postal Inspection Service, and have been so employed since May, 2015. I am currently assigned to the Sioux Falls Domicile of the Postal Inspection Service and have experience enforcing federal mail and drug laws. This affidavit is based on my own personal knowledge and information given to me by other Postal Inspectors and other law enforcement personnel.

2. I received basic training for approximately 12 weeks from the United States Postal Inspection Service regarding individuals using the United States Mail to transport controlled substances and proceeds from the sale of controlled substances, as well as the use of Postal Money Orders to launder the proceeds of controlled substances. I received formal training for one week in July, 2017, when I attended the United States Postal Inspection Service Narcotics Training Course in Chicago, Illinois. This training involved narcotic investigation techniques, chemical field testing, and training in the identification and detection of controlled substances, and narcotic proceeds being transported in the United States Mail.

3. The United States Postal Inspection Service has implemented a Parcel Profile Program, targeting parcels mailed to and from areas of the United States which have been identified by law enforcement as being source areas for the distribution of controlled substances. What follows is not meant to set forth all exhaustive knowledge of this case, but only those facts necessary in order to establish probable cause.

4.  This affidavit is made in support of an application for a search warrant for a ███████████████████████████████████████ Further, this parcel weighs approximately ███████████████ (hereafter Subject Parcel). Based on my experience and on the facts set forth in this affidavit, I believe the Subject Parcel contains evidence of violations of Title 21, United States Code, Section 841(a)(1) (distribution and possession with intent to distribute a controlled substance) and/or Section 843(b) (unlawful use of a communications facility to facilitate the distribution of a controlled substance); and Title 21, United States Code, Section 846, (conspiracy to distribute controlled substances).

5.  Based on my experience and training, I am aware of the following:

    a.  Drug traffickers often utilize the United States Mail and other private courier services to transport illegal narcotics, or proceeds from the sale of, or for the purchase of, controlled substances.

    b.  Parcels containing controlled substances and controlled substance proceeds usually have handwritten labels.

    c.  Drug traffickers often do not require a signature on parcels containing narcotics, so the recipient is not required to sign for the parcel.

    d.  Drug traffickers often use expedited mailing services including Priority Mail Express and Priority Mail. These expedited mailing services provide real time tracking which allows drug traffickers to anticipate and verify delivery.

    e.  Drug traffickers often use fictitious return addresses, names or businesses on parcels containing narcotics in attempt to hide the true identity of the mailer and/or the intended recipient in the event the parcel is intercepted by law enforcement.

6.  I researched postal business records to identify if the address of ███████████████████████████████████████ The first Priority Mail Parcel was delivered on or ███████████████████████████████████████

7.  On ███████████ I received notification via postal business records that a USPS Priority Mail parcel (Subject Parcel) was mailed from ███████████ ███████████ I obtained an image of the parcel which identified the recipient address as ███████████████████████████ Postal business records identified the Subject Parcel is scheduled to be delivered on ███████████.

8. On ▮▮▮▮▮▮▮▮, I located the Subject Parcel at the USPS Sioux Falls Post Office, located at ▮▮▮▮▮▮▮▮ I observed the Subject Parcel to contain the following suspicious characteristics:



9. USPS business records show the parcel was mailed from ▮▮▮▮▮▮▮▮ Your Affiant knows that Priority Mail Express is a costlier method of mailing which provides for the tracking of the package, which is a characteristic common to packages containing illegal narcotics. A search of a law enforcement database indicated the delivery addressee name ▮▮▮▮▮▮▮▮ A search of the sender's name as it is written on the parcel is not associated to the return address ▮▮▮▮▮▮▮▮ per a law enforcement database. Your Affiant knows, based on training and experience that individuals involved in the trafficking of illegal narcotics will often employ false names, fictitious addresses, and or incomplete addresses in an attempt to conceal their true identity.

10. On ▮▮▮▮▮▮▮▮, at approximately ▮▮▮▮▮▮▮▮., an exterior narcotic search of the Subject Parcel was conducted in a room at the Sioux Falls Law Enforcement Center, located at ▮▮▮▮▮▮▮▮ The Subject Parcel was placed in a hallway with other "dummy" parcels of similar size and shape. Sioux Falls Police Officer Westrum brought his certified narcotic canine Robi to the room where the Subject Parcel was placed. Officer Westrum stated Robi both alerted and indicated to the Subject Parcel as containing a narcotic odor.

11. Officer Westrum stated he has been a canine handler for approximately five years. Officer Westrum advised that his canine, Robi, was recently recertified on November 8, 2019, and has been in service for approximately five years. Officer Westrum stated Robi is certified in accordance with the certification standards for the State of South Dakota.

12. Based on these facts, I believe there is probable cause that the Subject Parcel contains evidence of violations of Title 21, United States Code, Section 841(a)(1), (distribution and possession with intent to distribute a controlled substance); Title 21, United States Code, Section 843(b), (unlawful use of a communication facility to facilitate the distribution of a controlled substance); and Title 21, United States Code, Section 846, (conspiracy, including, but not limited to, controlled substances).

_____
Sarah Wicker
United States Postal Inspector

Sworn to before me, and subscribed in my presence on the ___12TH___ day of March, 2020, at Sioux Falls, South Dakota.

_____
VERONICA L. DUFFY
UNITED STATES MAGISTRATE JUDGE

## "REDACTED" ATTACHMENT A

### DESCRIPTION OF LOCATION TO BE SEARCHED

SUBJECT PARCEL: 

## "REDACTED" ATTACHMENT B

### DESCRIPTION OF ITEMS TO BE SEIZED AND SEARCHED

Evidence of a violation of Title 21, U.S.C. § 841(a)(1), Title 21, U.S.C. § 843(b), Title 21, U.S.C. § 846, fruits of the crime, and/or proceeds of drug trafficking, to include:

1. Marijuana, cocaine, heroin, methamphetamine, any derivatives of those narcotics, any other controlled substances or related paraphernalia.

2. United States currency and other financial instruments.

3. Items of personal property inside the express mail package which tend to identify the person(s) in possession, control or ownership of the parcel that is the subject of this warrant.

4. Any packaging materials.